WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Naomi Daniels,<br><br>     Plaintiff,<br><br>v.<br><br>BMF VAZ Saddle, LLC and Cynthia Rodriguez,<br><br>     Defendants. | No. CV-23-0070-TUC-CKJ (EJM)<br><br>**REPORT AND RECOMMENDATION** |

On February 8, 2023, Plaintiff Naomi Daniels filed a *pro se* Complaint (Doc. 1) alleging, *inter alia*, "housing discrimination and racial discrimination 'civil rights[.]'" Compl. (Doc. 1) at 1. Plaintiff did not immediately pay the $402.00 civil action filing fee but filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 2).

**I. APPLICATION TO PROCEED IN FORMA PAUPERIS**

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that she "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Plaintiff's statement, made under penalty of perjury, establishes that Plaintiff is without earned income and no assets. The Court finds Plaintiff is unable to pay the fees. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) will be granted.

. . .

**II.      STATUTORY SCREENING OF PLAINTIFF'S COMPLAINT**

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Where the pleader is *pro se*, however, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514 (quoting *Hison v. King & Spaulding*, 467 U.S. 69, 73 (1984)) (alterations in original); *see also Johnson, et al. v. City of Shelby, Mississippi*, 574 U.S. 10, 11 (2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint

for imperfect statement of the legal theory supporting the claim asserted").

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

### III.   SUBJECT MATTER JURISDICTION

As an initial matter, this Court must consider whether it has jurisdiction to hear Ms. Daniels' claims. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A district court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is known as federal question jurisdiction. District courts also have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. This is referred to as diversity jurisdiction.

Plaintiff's Complaint (Doc. 1) asserts that this Court "has jurisdiction under 28 U.S.C. section 1391(B)(2) because it is where the events giving rise to this claim occurred. Compl. (Doc. 1) at 1. Plaintiff has confused jurisdiction with venue. *Compare* 28 U.S.C. § 1391, *with* 28 U.S.C. § 1332. Plaintiff claims that she "seeks for the recovery for the damages by the Defendants for the violations/wrongs of the Plaintiff Bill of Rights, Constitutional Rights, and Fair Housing Rights." Compl. (Doc. 1) at 1–2.

Plaintiff also indicates that her Complaint (Doc. 1) is based upon Section 1983, Title 42, United States Code, "to redress the deprivation under the color of state law and rights secured by the Constitution of the United States and Bill of Rights." Compl. (Doc. 1) at 1. As such, the Court finds it has federal subject matter jurisdiction over Plaintiff's claims.[1]

## IV.   COMPLAINT—FAILURE TO STATE A CLAIM

Plaintiff's Complaint (Doc. 1) asserts that "defendant retalited [sic] by methods of housing discrimination and racial discrimination against her when she inform [sic] the Defendants by the certified mail concerning the over payment of funds in which the Lease contract tender is denoted in Mexican Peso, and that the defendants is [sic] withholding lawful U.S. Dollar when the Plaintiff paid with the United States Postal Money Order and requested all funds to be return to the Plaintiff Naomi Daniels." Compl. (Doc. 1) at 2. "Plaintiff contends that she is indigeous [sic] Cherokee was discriminated against when the Defendants placed a notice of unpaid rent on the front door and file for evictions against the Plaintiff." *Id.* Plaintiff urges that the notice was regarding a court hearing, and that placing it on her door "without a process server or proper delivery method[]" was improper. *Id.* at 3. Plaintiff further asserts that "Plaintiff did not provide any information about the Arizona Residential Landlord and Tenant Act."[2] *Id.* Plaintiff claims that she paid her rent in full for the entire year. *Id.* at 3–4. Plaintiff alleges that Defendant committed a "Breach of Peace UCC 9 – Part 6 when the notice was placed on front door of the dwelling unit." Compl. (Doc. 1) at 4. Plaintiff also argues that "the Petitioner did not Provide a Securization [sic] Audit of an [sic] Financial History and Said Ownership of Said Property." *Id.* Plaintiff claims that "the

---

[1] To the extent that Plaintiff ostensibly raises a state law breach of contract claim, the Court may exercise supplemental jurisdiction if it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

[2] The Court surmises that Plaintiff meant to assert that Defendant did not provide her with a copy of the Arizona Landlord and Tenant Act.

Petitioner did not follow the Residential Landlord And Tenant Act." *Id.* at 5.  Plaintiff references alleged requirements of a consumer credit contract. *Id.*  Plaintiff alleged that "Defendants violated Federal Trade Act, Federal Deposit Insurance Act, Truth in Lending and Truth in Savings Act (TILA the Truth in Savings Act (TISA)." *Id.*  Plaintiff also seeks "compensation under 18 USC 1983 Civil Rights Violation, Housing Discrimination and Racial Discrimination[.]" Compl. (Doc. 1) at 5.  Plaintiff then lists the following federal statutes: 18 U.S.C. § 1341, 18 U.S.C. § 1001, _ U.S.C. § 1002, 15 U.S.C. § 1, and 18 U.S.C. § 1343.  Compl. (Doc. 1) at 5.  Plaintiff seeks damages in the amount of 22 million dollars ($22M). *Id.* at 6.

### A. Section 1983

"[M]ost rights secured by the Constitution are protected only against infringement by governments." *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156 (1978) (citations omitted).  The Fourteenth Amendment of the United States Constitution provides in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1.  "Because the Amendment is directed at the States, it can be violated only by conduct that may be characterized as 'state action.'" *Lugar v. Edmondson Oil Company, Inc.*, 457 U.S. 922, 924 (1982).  Similarly, Section 1983, 42 U.S.C., provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.  "In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment."

*Lugar*, 457 U.S. at 928 (quoting *United States v. Price*, 383 U.S. 787, 794 n.7 (1966)); *see also Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (citations omitted) ("[Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong."). Accordingly, "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Lugar*, 457 U.S. at 937.

Plaintiff's Complaint (Doc. 1) is devoid of any allegations to suggest that the State acted in a manner causing a deprivation of her constitutional rights. *See Lugar*, 457 U.S. at 937. The Court further finds that there are no possible allegations of fact that will correct Plaintiff's failure. Accordingly, Plaintiff's claim pursuant to 42 U.S.C. § 1983 will be dismissed without leave to amend.

### B. Fair Housing Act

In 1968, Congress passed the Fair Housing Act ("FHA") to "address[] the denial of housing opportunities on the basis of 'race, color, religion, or national origin.'" *Texas Dept. of Housing and Community Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 530 (2015) (citing Civil Rights Act of 1968, § 804, 82 Stat. 83). "Then in 1988, Congress amended the FHA[,] [and] [a]mong other provisions it created certain exemptions from liability and added 'familial status' as a protected characteristic." *Id.* (citing Fair Housing Amendments Act of 1988, 102 Stat. 1619). The FHA makes it illegal "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

Plaintiff indicates that she is an indigenous Cherokee. Compl. (Doc. 1) at 2. Plaintiff goes on to allege that she "was discriminated against when the Defendants placed a notice of unpaid rent on the front door and file [sic] for evictions against [her]." *Id.* Plaintiff does not provide any facts to explain how this action was an act of racial discrimination. Plaintiff further "contends the defendant retaliated by methods of

housing discrimination and Racial Discrimination against her when she inform [sic] the Defendants by the certified mail concerning the over payment of funds in which the Lease contract tender is denoted in Mexican Peso, and that the defendants is [sic] withholding lawful U.S. dollar when the Plaintiff paid with the United States Postal Money Order and requested all funds to be return [sic] to the Plaintiff Naomi Daniels." *Id.* Again, Plaintiff fails to explain how Defendants' action were in any way retaliatory or ran afoul of the FHA. Plaintiff's statements are no more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, Plaintiff's FHA claim will be dismissed with leave to amend.

### C. Breach of Contract

Plaintiff claims that "the lease contract denotes tender as Peso." Compl. (Doc. 1) at 3. Plaintiff asserts that the International Organization for Standardization ("ISO") dollar sign symbol ($) is used for both Mexican Pesos and United States Dollars, and therefore dollars must be denoted with U.S.D. following the numeric amount. *Id.*, Exh. "3" at 19, 21. Plaintiff contends that because she paid in dollars, the amount should have been converted to pesos upon deposit. *See id.* at 4. Plaintiff opines that she is entitled to damages because of this breach. *See id.* at 4–6. Plaintiff's claims are without merit.

"The constitutional authority of congress to provide a currency for the whole country is now firmly established." *The Legal Tender Cases*, 110 U.S. 421, 445 (1884). "To this end, congress has denied the quality of legal tender to foreign coins, and has provided by law against the imposition of counterfeit and base coin on the community." *Id.* at 446. "To the same end, congress may restrain, by suitable enactments, the circulation as money of any notes not issued under its own authority." *Id.* Moreover, "congress is authorized to establish a national currency, either in coin or in paper, and to make that currency lawful money for all purposes, as regards the nation government or private individuals." *Id.* at 448. "The power of making the notes of the United States a legal tender in payment of private debts, being included in the power to borrow money and to provide a national currency, is not defeated or restricted by the fact that its

exercise may affect the value of private contracts." *Id.* "The Constitution was designed to provide the same currency, having a uniform legal value in all the States." *Norman v. Baltimore & O.R. Co.*, 294 U.S. 240, 303 (1935) (internal quotations omitted). As such, "[e]very contract for the payment of money, simply, is necessarily subject to the constitutional power of the government over the currency, whatever the power may be, and the obligation of the parties is, therefore, assumed with reference to that power." *The Legal Tender Cases*, 110 U.S. at 449 (citations omitted). The Restatement (Second) of Contracts § 5 provides:

> Much contract law consists of rules which may be varied by agreement of the parties. Such rules are sometimes stated in terms of presumed intention, and they may be thought of as implied terms of an agreement. They often rest, however, on considerations of public policy rather than on manifestation of the intention of the parties.

The currency of the United States is the dollar. *See* American Money, https://www.usa.gov/currency (last visited May 19, 2023). Based upon the constitutional authority of congress and public policy, a contract executed in the United States, for the benefit of United States' citizens, cannot be interpreted to be based upon any form of currency other than the legal tender of the United States. *See* 31 U.S.C. § 5103. Accordingly, to the extent that Plaintiff is asserting a breach of contract claim based upon the lease contract indicating values in Mexican Pesos, it will be dismissed without leave to amend.

### D. Miscellaneous References to the United States Code

Plaintiff's Complaint (Doc. 1) lists various sections of the United States Code, Title 18. As an initial matter, Title 18 contains criminal statutes and is irrelevant to a private, civil action. Plaintiff also references 15 U.S.C. § 1 which deals with *inter alia* contracts in restraint of trade or commerce, which is similarly irrelevant to this cause of action. Furthermore, Plaintiff has failed to provide any facts to describe what type of claim she may be attempting. The Court will dismiss without leave to amend any claims related to 18 U.S.C. §§ 1001, 1002, 1341, 1343 and 15 U.S.C. § 1.

## V.   INJUNCTIVE RELIEF

Plaintiff has also filed a motion for injunctive relief regarding the evictions process in Pima County Justice Court (Doc. 5).

Whether to grant or deny a motion for a temporary restraining order or preliminary injunction is within the Court's discretion. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132–33 (9th Cir. 1979). An injunction or restraining order is appropriate to grant "intermediate relief of the same character as that which may be granted finally," but relief is not proper when it is requested on matters lying wholly outside the issues in the suit. *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). In other words, Plaintiff must seek injunctive relief related to the merits of her underlying claims. Because the Court has dismissed the Complaint, the Court will deny without prejudice Plaintiff's Request: Cease and Detist [sic] (Doc. 5).

## VI.   WARNINGS

### *A.   Amendments*

An amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original Complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Thus, grounds for relief alleged in the original Complaint that are not alleged in an amended complaint are waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

### *B.   Address Changes*

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion

for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.    *Rules of Court*

Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. Plaintiff is advised that a Handbook for Self-Represented Litigants is available on the Court's website at: http://www.azd.uscourts.gov/handbook-self-represented-litigants. In addition, Step Up to Justice offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m. If Plaintiff wishes to schedule a clinic appointment, she should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

### D.    *Copies*

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv. 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### E.    *Possible Dismissal*

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

## VII.   CONCLUSION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) GRANTING Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2);

(2) DISMISSING Plaintiff's Complaint (Doc. 1) for failure to state a claim and granting leave to file a first amended complaint consistent with this Report and

Recommendation; and

(3) DENYING Plaintiff's Request: Cease and Detist [sic] (Doc. 5) WITHOUT PREJUDICE.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-23-0070-TUC-CKJ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 22nd day of May, 2023.

Eric J. Markovich
United States Magistrate Judge